IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| | | |
| **THE LAW OFFICES OF JONATHAN S. RESNICK, LLC,** | * | **Case No. 20-12822-NVA** (Chapter 11) |
| | * | |
| **THE LAW OFFICES OF PERRY A. RESNICK, LLC,** | * | **Case No. 20-12820-NVA** (Chapter 11) |
| | * | |
| **THE OFFICES OF JONATHAN S. RESNICK, PLLC,** | * | **Case No. 20-14188-NVA** (Chapter 11) |
| | * | |
| DEBTORS. | * | (Jointly Administered under Case No. 20-12822-NVA) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ZVI GUTTMAN, Chapter 11 Trustee,**

    Plaintiff,

v.                                                                                           Adv. Proc. No. _____

**DIANE RESNICK,**
7483 Valencia Drive
Boca Raton, FL 33433

**AMERICAN EXPRESS COMPANY**
C T Corporation System
28 Liberty St.
New York, NY 10005,

    **Defendants.**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT
CONVEYANCES OR, IN THE ALTERNATIVE, TO AVOID AND
RECOVER PREFERENTIAL TRANSFERS**

Zvi Guttman (the "Trustee"), the Chapter 11 Trustee of the bankruptcy estates of The

Law Offices of Jonathan S. Resnick, LLC ("JSR"), The Law Offices of Perry A. Resnick, LLC

("PAR") and the Offices of Jonathan S. Resnick, PLLC ("PLLC" and together with JSR and PAR, the "Debtors"), sues Diane Resnick and American Express Company for turnover of property of the estate, and to avoid and recover fraudulent and preferential transfers, and, in support, states as follows:

## JURISDICTION

1. This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 544, 547, 548 and 105 and Bankruptcy Rule 7001.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), (E) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

## PARTIES AND PERSONS

4. Plaintiff, Zvi Guttman (the "Trustee") is the Chapter 11 trustee in the above-captioned bankruptcy cases.

5. Debtor, The Law Offices of Jonathan S. Resnick, LLC, is a Maryland limited liability company solely owned by Jonathan S. Resnick.

6. Debtor, The Law Offices of Jonathan S. Resnick, PLLC is a District of Columbia professional limited liability company solely owned by Jonathan S. Resnick.

7. Debtor, The Law Offices of Perry A. Resnick, LLC, is a Maryland limited liability company owned solely by Perry Resnick.

8. Defendant Diane Resnick ("Diane") is a resident of Florida. Diane is the wife of Jonathan S. Resnick.

9. Defendant American Express Company ("AmEx") is a New York company.

## FACTS COMMON TO ALL COUNTS

10. JSR and PAR filed voluntary petitions for bankruptcy protection under Chapter 11 of the Bankruptcy Code on March 4, 2020 (the "Petition Date").

11. PLLC filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code on April 6, 2020 (the "PLLC Petition Date").

12. Each of the Debtors is a law practice primarily handling personal injury cases. All the Debtors were each managed and operated by Jonathan S. Resnick immediately prior to their bankruptcy filings.

13. From March 7, 2017 through the Petition Date, various payments were made to or on behalf of Diane for the Debtors (collectively, the "Transfers").

14. Upon information and belief, Diane did not provide the Debtors with services, product or other value in exchange for the Transfers.

15. A portion of the Transfers, in the amount of $147,934.12, were made to American Express to pay for charges on a credit card that Diane used for her personal expenses (the "AmEx Transfers"). A full list of the AmEx Transfers is set forth in **Exhibit A** to the Complaint.

16. Another portion of the Transfers were payments in the amount of $228,600.00 to a personal bank account of Jonathan and Diane Resnick with an account number ending in #3708 (the "3708 Account Transfers"). A full list of the 3708 Account Transfers is set forth in **Exhibit B** to the Complaint.

17. Another portion of the Transfers consists of $150,832.40 in payments or transfers to various entities to pay personal expenses of Diane such as car payments, home expenses and taxes, and personal credit cards (the "Personal Expense Transfers"). A full list of the Personal Expense Transfers is set forth in **Exhibit C** to the Complaint.

## COUNT I
### Against Diane Resnick and American Express
### (Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 & Md. Code Ann., Comm. Law, § 15-201 et seq.)

18. The Trustee respectfully incorporates the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

19. Section 544 of the Bankruptcy Code provides in pertinent part as follows:

> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. §544.

20. A creditor exists that could avoid the Transfers under applicable non-bankruptcy law.

21. The Debtors made the Transfers, which transfers are avoidable under applicable non-bankruptcy law, including but not limited to Md. Code Ann., Comm. Law, § 15-203.

22. The Transfers constitute transfers of an interest in property of the Debtors.

23. The Debtors did not receive fair consideration in exchange for the Transfers.

24. At the time of each of the Transfers, the Debtors were insolvent, believed that they would incur debts beyond their ability to pay as they matured, or, alternatively, were rendered insolvent by the Transfers.

25. At the time of each of the Transfers, the Debtors were engaged in or about to engage in a business transaction for which the property remaining in their hands after each of the Transfers was an unreasonably small capital.

26. The Transfers were made for the benefit of Diane Resnick.

27. AmEx was the initial transferee of the AmEx Transfers.

28. The Transfers were made by the Debtors, through their agent, Jonathan Resnick, with the actual intent of hindering, delaying and/or defrauding creditors of the Debtors.

29. Pursuant to Section 550 of the Bankruptcy Code, "to the extent that a transfer is avoided under Section 544… the Trustee may recover, for the benefit of the estate, the property transferred, or…the value of such property… ."

30. Each of the Transfers is avoidable and recoverable pursuant to Md. Code Ann., Comm. Law, § 15-201 et seq. and 11 U.S.C. §§ 544 and 550.

31. The Trustee is entitled to recover the Transfers from Diane Resnick.

WHEREFORE, Zvi Guttman, Chapter 11 Trustee, respectfully requests the following relief:

A. That the Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against Diane Resnick in an amount not less than $527,366.52 plus interest at the legal rate, together with any costs of this action;

C. That Diane Resnick be directed to pay to the Plaintiff an amount not less than $527,366.52 plus interest at the legal rate, together with any costs of this action;

D. That judgment be entered in favor of the Plaintiff and against American Express Company in an amount not less than $147,934.12;

E. That American Express be directed to pay to the Plaintiff an amount not less than $147,934.12; and

F. That the Plaintiff be granted such other and further relief as is just and equitable.

**COUNT III**
**Against Diane Resnick**
**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550)**

32. The Trustee incorporates the allegations contained in paragraphs 1 through 28 above, as if fully set forth herein.

33. That a portion of the Transfers in the total amount of $448,535.24 (the "548 Transfers") occurred less than two years prior to the Petition Date.

34. That the 548 Transfers were made by the Debtors, through their agent Jonathan Resnick, with the actual intent to hinder, delay and/or defraud creditors.

35. Debtors received less than reasonably equivalent value in exchange for the 548 Transfers.

36. Debtors were insolvent on the date of the 548 Transfers, became insolvent as a result of the 548 Transfers, or, alternatively, intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

37. The 548 Transfers were made for the benefit of Diane Resnick.

WHEREFORE, Zvi Guttman, Chapter 11 Trustee, respectfully requests the following relief:

A. That the 548 Transfer be avoided;

B. That judgment be entered in favor of the Plaintiff and against Diane Resnick in an amount not less than $448,535.24 plus interest at the legal rate, together with any costs of this action;

C. That Diane Resnick be directed to pay to the Plaintiff an amount not less than $448,535.24 plus interest at the legal rate, together with any costs of this action; and

D. That the Plaintiff be granted such other and further relief as is just and equitable.

## COUNT III
**(Avoidance and Recovery of Preferential Transfer Pursuant to 11 U.S.C. §§ 547 and 550)**

35. The Trustee incorporates the allegations contained in paragraphs 1-34 above, as if fully set forth herein.

36. Diane Resnick is an insider of the Debtors as defined in 11 U.S.C. § 101(31).

37. A portion of the Transfers in the amount of $110,681.63 occurred during the one year preceding the Petition Date (the "Preferential Transfers").

38. The Preferential Transfers constitute a transfer of an interest of the Debtors in property.

39. The Preferential Transfers were to or for the benefit of Diane Resnick.

40. Upon information and belief, the Preferential Transfers were made for or on account of an antecedent debt owed from the Debtors to Diane Resnick before the Transfer was made.

41. The Debtors were insolvent on the date of each of the Preferential Transfers.

42. The Preferential Transfers enabled Diane Resnick to receive more than she would have received if this case was under Chapter 7 of the Bankruptcy Code, if the Preferential Transfers had not been made, and if Diane Resnick had received payment of the antecedent debt to the extent provided by the Bankruptcy Code.

43. The Preferential Transfers constitute an avoidable preference pursuant to 11 U.S.C. § 547(b).

WHEREFORE, Zvi Guttman, Chapter 11 Trustee, respectfully requests the following relief:

A. That the Preferential Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against Diane Resnick in an amount not less than $110,681.63 plus interest at the legal rate, together with any costs of this action;

C. That Diane Resnick be directed to pay to the Plaintiff an amount not less than $110,681.63 plus interest at the legal rate, together with any costs of this action; and

D. That the Plaintiff be granted such other and further relief as is just and equitable.

DATED this 24th day of November, 2020.

    Respectfully Submitted,

/s/ Emily K. Devan
Patricia B. Jefferson
  Fed Bar No.: 27668
Emily K. Devan
   Fed. Bar No.: 18595
MILES & STOCKBRIDGE P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3413
Fax: (410) 385-3413
edevan@MilesStockbridge.com

*Attorneys to the Chapter 11 Trustee*